Taliaferro, J.
The relator avers that in pursuance of law he caused to be registered at the department of public accounts of the •city of New Orleans, a judgment he had previously obtained against the city, amounting to $9742; that the same remains unpaid, after the lapse of eight months, although he has repeatedly applied to the proper officer for a warrant for its payment, which is steadily refused. He further alleges that since the registration of his judgment, as well •as at the time it was registered, there has been repeatedly in the city treasury, and now is in it, a sufficient sum of money to pay the relat- or’s judgment, specially designated and set apart for that purpose in the annual budget, as well as additional provision therefor under the head of contingent expenses.
The relator, on these grounds, applied to the court a qua for a writ of mandamus, commanding the defendant, Calhoun, as Administrator of Accounts, to warrant on the Administrator of Finance for the payment of the relator’s judgment; he prays further a writ of injunction against the said Administrator of Accounts, restraining him from warranting on the general funds of the city for any purpose other than that for the payment of the said judgment, until the same be paid.
A rule nisi was granted, and ttie defendant responded, showing for •cause:
First — That by act No. 5 of 1870, the court is without jurisdiction to hear, order or allow any writ of mandamus tending, either directly or indirectly, to compel the respondent to issue a warrant for the payment of any claim or judgment against the city of New Orleans.
Second — If the foregoing exception to the jurisdiction of the court be not entertained, the respondent for further cause denies that since the registry of the relator’s judgment large sums of money have been received by the Administrator of Finance, out of which the aforesaid judgment was entitled to be paid. He avers that there is no money in the treasury to pay said judgment, and that there has not been any for that purpose.
*168 The rule was made absolute, and an order rendered that a peremptory writ of mandamus issue.
Prom this judgment the respondent has appealed.
The plaintiff has failed to prove his allegations that there was, at the time of making his demand, money in the city treasury specially designated and set apart for the payment of judgments. Tailing in this, he was clearly without right to the proceeding by mandamus,, even if he could otherwise have legally resorted to it.
We think the judgment of the lower court erroneous.
It is therefore ordered that the rule be discharged at plaintiff’s cost.